# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT JACKMAN, Individually
as surviving heir at law of
Tina Jackman, deceased,
and
ROBERT JACKMAN, as Personal
Representative of the Estate of
Tina Jackman,

*Plaintiffs*,

vs.

Case No. 09-2351-EFM

SELECT SPECIALITY HOSPITAL-
KANSAS CITY, INC.,
and
SELECT MEDICAL CORPORATION,

*Defendants.*

**MEMORANDUM AND ORDER**

The issue before the Court is whether Defendant Select Medical Corporation has timely removed this action. Plaintiffs filed their initial petition in state court on January 11, 2008 against one non-diverse defendant. On October 29, 2008, Plaintiffs filed an amended petition adding Select Medical Corporation ("SMC"), a diverse defendant. On June 5, 2009, Plaintiffs and the non-diverse Defendant entered into a settlement resulting in the non-diverse Defendant's dismissal from the case. Within thirty days of the dismissal, Defendant SMC removed the case to federal court on the basis of diversity jurisdiction. The parties dispute the applicable date as to the commencement of the

action and the resulting one-year bar on removability in 28 U.S.C. § 1446(b).

Before the Court is Plaintiffs' Motion to Remand (Doc. 5). For the following reasons, the Court grants the motion.

## I. Factual and Procedural Background

The original petition was filed on January 11, 2008 in the District Court of Johnson County, Kansas. At that time, the parties to the action were Plaintiff Robert Jackman individually as surviving heir of Tina Jackman and as personal representative of Tina Jackman's estate and Select Speciality Hospital-Kansas City, Inc. ("Select Speciality"). Plaintiffs are residents of Kansas. Select Speciality is a Missouri corporation which maintains medical facilities and is engaged in doing business in Kansas.[1]

On September 30, 2008, Plaintiffs filed a motion for leave to file an amended petition, and the district court granted Plaintiffs' motion. Plaintiffs filed their amended petition on October 29, 2008 and added an additional defendant, SMC.[2] SMC is incorporated in Delaware with its principal place of business in Mechanicsburg, Pennsylvania.[3] SMC was served on November 6, 2008.

Plaintiffs and Select Speciality reached a settlement agreement, and on June 5, 2009, the settlement was approved by the District Court of Johnson County, and Select Speciality was dismissed from the case with prejudice. Defendant SMC filed a notice of removal on July 1, 2009 asserting that the Court has diversity jurisdiction over the matter. Plaintiffs filed a motion to remand

---

[1] Both parties state that Select Speciality's principal place of business is in Kansas.

[2] The case number and judge remained the same.

[3] Defendant's motion asserts that its principal place of business is Mechanicsburg, Kansas. However, in reviewing the attached affidavits to Defendant's motion, the Court finds that Defendant stated that its principal place of business was Mechanicsburg, Pennsylvania.

-2-

to state court asserting that removal was improper because Defendant failed to timely remove the case within the one-year time limit set forth in 28 U.S.C. § 1446(b).

**II. Legal Standard & Analysis**

The question is whether the initial petition filed on January 11, 2008 started the one-year removability time frame in § 1446(b) or whether the amended pleading filed on October 29, 2008 specifically against Defendant SMC started the one-year time frame. Plaintiffs assert the former because Defendant's removal to federal court would be untimely while Defendant asserts the latter because its removal would be timely.

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Federal removal jurisdiction is statutory in nature and is to be strictly construed.[4] "There is a presumption against removal jurisdiction," and the burden is on the removing party to show the propriety of the removal.[5] "[T]he time limitations found in the statute are to be strictly enforced and

---

[4] *First Nat'l Bank & Trust v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991).

[5] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

are not subject to extension by consent of the parties or order of the court."[6] Any doubts about the validity of a removal are resolved in favor or remand.[7]

Courts differ as to the relevant law for determining when an action commenced. Some courts look to the federal rules, while some courts look to state statutes as to the commencement of an action.[8] Fed. R. Civ. P. 3 provides that "[a] civil action is commenced by filing a complaint the court." K.S.A. § 60-203(a) provides that commencement of an action occurs at the time of filing the petition with the clerk of the court, if service of process is obtained within 90 days after the petition is filed.

Regardless of whether the Court relies on federal law or state law for the commencement of the action, the result is the same. Defendant argues that the case was not commenced against it until October 29, 2008 because it was not a party to the January 11, 2008 filing and therefore was not served within 90 days of the filing of that petition. Defendant, however, is not taking into account that the original petition, i.e., the initial pleading, filed on January 11, 2008, is deemed filed on that date because Defendant Select Speciality was served within 90 days of the filing of the petition. The initial pleading is deemed commenced on January 11, 2008 whether or not it is pursuant to Fed. R. Civ. P. 3 or K.S.A. § 60-203(a). While the Court agrees that an action was not *specifically* commenced against Defendant SMC until October 29, 2008, the initial pleading commenced on

---

[6]*First Nat'l Bank*, 768 F. Supp. at 790.

[7]*Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[8]*See, e.g.*, *Norman v. Sundance Spas, Inc*., 844 F. Supp. 355, 357 (W.D. Ky. 1994) (stating that "the Court must construe the phrase 'commencement of the action.' It is not too elementary to suggest that the source of this inquiry if federal law. Although federal courts may construe federal statutes by reference to state law, construing the terms of a federal statute is a federal issue, and state law definitions are not controlling.") (citations omitted); *cf. Lexington Mkt., Inc. v. Desman Assocs.*, 598 F. Supp. 2d 707, 710 (D. Md. 2009) (stating that the court must look to state law to determine when an action "commences" under § 1446(b)).

January 11, 2008, and the Court finds that the initial pleading is the relevant pleading for establishing the date the action was commenced for purposes of the removal statute.

Defendant relies upon *Noel v. Pizza Hut, Inc.*,[9] a District of Kansas unpublished opinion from eighteen years ago, for the proposition that the one-year time frame did not begin to run until the action was specifically commenced against it by the filing of an amended pleading. While that opinion did express that view, the Court provided little analysis as to why it was using the filing date of the amended pleading.[10] In addition, the Court used multiple dates, including the date of service and the date of counsel's entry of appearance, in finding that removal was untimely under § 1446(b).[11] The Court ultimately granted plaintiff's request for remand because defendant's removal was untimely no matter what date was used.[12]

Since that unpublished opinion was rendered, the majority of courts interpreting § 1446(b) have determined that the one-year timeframe begins with the filing of the *initial* pleading in state court, whether or not the defendant was specifically named.[13] This Court finds that this is the better approach and more consistent with the statutory language and Congressional intent. In deciding the issue that the time frame begins with the initial pleading, courts have found that the language in

---

[9]1991 WL 192117 (D. Kan. Sept. 18, 1991).

[10]*Id*. at *3.

[11]*Id*.

[12]*Id*.

[13]*See, e.g.*, *Codner v. Am. Home Products Corp.*, 123 F. Supp. 2d 1272, 1274 (W.D. Okla. 2000); *Howell v. St. Paul & Marine Ins. Co.*, 955 F. Supp. 660, 662-63 (M..D. La. 1997); *Norman*, 844 F. Supp. at 357-58. In addition, "[a]lthough some courts have applied the principle of equitable tolling to permit removal beyond the one-year deadline," courts in the Tenth Circuit have strictly construed the removal statute and have not allowed an equitable exception. *Smith v. Time Ins. Co.,* 2009 WL 2869297, at *2 (D. Colo. Sept. 3, 2009) (citing *Medley v. RAG Am. Coal*, 2005 WL 2401867 (D. Utah Sept. 28, 2005); *Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324 (N.D. Okla. 2003)). The Tenth Circuit has not decided the issue. In this case, there is no allegation that Plaintiffs attempted to manipulate the forum or that an equitable exception to the one-year bar on removability is applicable.

§1446(b) is clear and unambiguous. As the Middle District of Louisiana noted:

> To grant the relief sought by the defendants would cause this Court to disregard the unambiguous expression of Congressional intent when it enacted section 1446(b). The relief the defendants seek can only be obtained through Congressional action and not from court decisions. Even though the final result of the Court's decision in this case may be harsh or even unfair, the Court must enforce section 1446(b) as enacted by the Congress.
>
> Congress could have specified that the one year limitation begins when an action is commenced against a new defendant. In addition, Congress could have included language that would toll the time limitation separately for each claim or each defendant. But Congress did not.[14]

Section 1446(b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." To allow Defendant's interpretation would necessarily mean that any time an additional party was added with the filing of an amended complaint, a new action commenced to start the running of the one-year timeframe. This could not have been Congress' intent in establishing an outside one-year bar on removal in § 1446(b).

Generally, resort to Congressional intent is unnecessary when the language of the statute is clear and unambiguous.[15] As one court noted, however, although the language in § 1446(b) appears to be clear, there may be differences of opinion as to the "'plain' meaning of the removal statutes."[16] As such, this Court will also consider the legislative history, and it supports the interpretation of the language of the statute.

In adding the one-year limit to § 1446(b), the House Report provides:

---

[14]*Howell*, 955 F. Supp. at 662.

[15]*See Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008).

[16]*Norman,* 844 F. Supp. at 358.

> Subsection(b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court. The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.[17]

Accordingly, it appears that Congress was aware that it was limiting parties' access to federal court and did so because substantial progress may have been made in state court. Congress recognized that settlement with a diversity destroying defendant may permit diversity jurisdiction but nevertheless limited removal late in the proceedings. In this case, that is what occurred. Settlement with the non-diverse Defendant occurred after the action had been proceeding in state court for almost eighteen months, and Defendant SMC then filed for removal.[18] Although Defendant SMC was not added as a party until October 29, 2008, the initial pleading was filed on January 11, 2008 and substantial progress had been made. Because the Court finds that the action commenced with the initial pleading filed on January 11, 2008, Defendant SMC is precluded from removing the action by the one-year bar in § 1446(b).

**IT IS ACCORDINGLY ORDERED** this 2nd day of November, 2009 that Plaintiffs'

---

[17] H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032.

[18] Although the Court in *Noel* stated that how much progress had been made was irrelevant to whether removal was proper, the Court was relying on a case that held the removal statute was clear and resort to Congressional intent was unnecessary. As indicated above, the Court is considering Congressional intent in the event that the language in § 1446(b) is not considered clear.

In addition, while Defendant cites to a case, *Shiver v. Sprintcom*, 167 F. Supp. 2d 962 (S.D. Tex. 2001), for the proposition that a case can be removed on the eve of trial, the facts of that case differ substantially from this case. In that case, Plaintiff was manipulating the forum and nonsuited the non-diverse defendant the night before trial, and the Court denied plaintiff's motion to remand on the basis of equitable considerations. *Id.* at 963-64.

Motion to Remand (Doc. 5) is hereby granted.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite (Doc. 7) is hereby denied as moot.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE